IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAMEON MICHAEL JACOBS, | § | |
| (TDCJ-CID #1274703) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-4973 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Dameon Michael Jacobs, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his 2004 aggravated robbery conviction in a Texas state court. Because Jacobs filed this suit too late, it is dismissed.

**I.     Background**

In the 185th Judicial District Court of Harris County, Texas, Jacobs pleaded guilty to the felony offense of aggravated robbery. (Cause Number 926189). On November 22, 2004, that court sentenced Jacobs to a prison term of eighteen years. Jacobs did not appeal his conviction. On April 26, 2010,[1] Jacobs filed an application for state habeas corpus relief. On June 9, 2010, the Texas Court of Criminal Appeals denied relief without written order, on findings of the trial court, without a hearing. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/ opinions. Jacobs filed

---

[1] On-line research reveals that Jacobs filed his first state application in the trial court on April 26, 2010. Though he indicates that he filed his state application on May 24, 2010, (Docket Entry No. 1, Federal Petition, p. 3), this is the date the state application was filed in the Texas Court of Criminal Appeals.

a second state application on August 6, 2010, and the Texas Court of Criminal Appeals denied it on September 8, 2010. (*Id.*).

On November 30, 2010, this court received Jacobs's federal petition. Jacobs contends that his conviction is void because his mental incompetence prevented him from assisting in his defense and from entering a valid guilty plea. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

The threshold issue is whether the petition is time-barred.

## II.   The Issue of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996. Because this petition was filed after April 24, 1996, the one-year limitations period applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

The statute provides in part:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right

>   > has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Although the statute of limitations is an affirmative defense, a district court may raise the defense on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). In *Day v. McDonough*, 547 U.S. 198 (2006), the Supreme Court held that a district court could consider the timeliness of a state prisoner's habeas petition, after giving the parties fair notice and an opportunity to present their positions. In an order entered on January 19, 2011, this court ordered Jacobs to file a written statement by February 25, 2011, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d).[2] (Docket Entry No. 4). On February 9, 2011, Jacobs filed his response. (Docket Entry No. 5).

Under this statute, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The trial court convicted Jacobs on November 22, 2004. Jacobs's

---

[2] *See Day v. McDonough*, 547 U.S. 198 (2006).

conviction became final on December 22, 2004, when the time expired for filing an appeal in the Texas Court of Appeals. *See* TEX. R. APP. P. 26.2 (formerly TEX. R. APP. P. 41(b)(1)). The one-year limitations period for filing a federal habeas petition under § 2254 ended on December 22, 2005.

Although a properly filed application for state habeas relief extends the federal limitations period, 28 U.S.C. § 2244(d)(2)(West 1997), the state habeas applications did not toll the limitations period in this case because Jacobs filed them long after December 22, 2005, when that period ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Jacobs waited until November 30, 2010, before filing his federal petition. His claims are time-barred unless he can show that a statutory or equitable exception applies.

The AEDPA's one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis*, 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips*, 216 F.3d at 511. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied*, 529 U.S. 1057 (2000); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher*, at 715 n.14.

Jacobs argues that he is entitled to equitable tolling because counsel rendered ineffective assistance during the guilty plea proceedings. Claims of ineffective assistance of counsel do not entitle Petitioner to equitable tolling. The Fifth Circuit Court of Appeals has stated that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *see also Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) ("A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations."); *Moore v. Cockrell*, 313 F.3d 880 (5th Cir. 2002), *cert. denied*, 538 U.S. 969 (2003) (finding counsel's delay in notifying petitioner of the result of the direct appeal does not constitute a basis for equitable tolling). Jacobs is not entitled to equitable tolling because his counsel rendered ineffective assistance.

Jacobs does not identify any grounds for equitable tolling and the record discloses none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not

O:\RAO\LHR\2010\10-4973.b01.wpd

5

warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.)(finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Jacobs does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Jacobs from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Jacobs's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Jacobs's claims relate to the guilty plea on November 22, 2004. Jacobs has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Jacobs's federal petition is untimely.

## III.  Conclusion

Jacobs's challenges to his 2004 conviction are dismissed as time-barred. This case is dismissed. Any remaining pending motions are denied as moot.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473,

483-84 (2000)). Jacobs has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. This court will not issue a COA.

SIGNED on March 23, 2011, at Houston, Texas.

                                                Lee H. Rosenthal
                                           United States District Judge